**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

U, INCORPORATED,

        Plaintiff,

v.                                                      Case No. 2:14-cv-2287-JTM-TJJ

SHIPMATE, INC., et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant ShipMate, Inc.'s Motion for Protective Order (ECF No. 126). ShipMate filed its motion on May 27, 2015, two days before it was to produce its Rule 30(b)(6) designee for a deposition noticed by Plaintiff U, Inc.[1] ShipMate's motion had the effect of automatically staying the deposition.[2] For the reasons set forth below, the Court denies ShipMate's motion.

**I.**    **Legal Standards**

Pursuant to Federal Rule of Civil Procedure 26(c), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"[3] The decision to enter a protective order is within the Court's broad discretion.[4] Despite this broad discretion, "a protective order is only warranted when the movant

---

[1] *See* ECF No. 115 (Plaintiff's notice of Rule 30(b)(6) deposition, filed and served on May 15, 2015).

[2] *See* ECF No. 130. The deposition was automatically stayed pursuant to D. Kan. R. 26.2(a), (c).

[3] Fed. R. Civ. P. 26(c)(1).

[4] *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir.1995); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

1

demonstrates that protection is necessary under a specific category set out in Rule 26(c)."[5] In addition, the party seeking a protective order bears the burden of establishing good cause.[6] The moving party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[7]

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery. It provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[8] Relevant information need not be admissible at trial if the discovery "appears reasonably calculated to lead to the discovery of admissible evidence."[9] Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[10] Consequently, a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[11]

## II.     Relevant Background

---

[5] *Herrera v. Easygates, LLC*, No. 11–CV–2558–EFM–GLR, 2012 WL 5289663, at *2 (D. Kan. Oct. 23, 2012) (citing *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan.2003)).

[6] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

[7] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[8] Fed. R. Civ. P. 26(b)(1).

[9] *Id.*

[10] *Cardenas v. Dorel Juvenile Group, Inc.,* 232 F.R.D. 377, 382 (D. Kan. 2005) (citing *Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 652 (D. Kan. 2004); *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001)).

[11] *Cardenas*, 232 F.R.D. at 382 (citations omitted).

On June 4, 2015, the Court held a third telephone conference in less than two months to discuss discovery disputes between Plaintiff and ShipMate. The Rule 30(b)(6) deposition of ShipMate was a primary topic during each of the conferences, and ShipMate consistently acknowledged that the corporate designee would be Steven Hunt. ShipMate's counsel repeatedly reported Mr. Hunt's unavailability. During the June 4 conference, counsel for ShipMate once again sought postponement of the 30(b)(6) deposition, this time requesting a delay until Mr. Hunt is deposed in the action ShipMate has filed against Plaintiff in the Central District of California ("the California action"). ShipMate argued that it would be more efficient for Mr. Hunt to be deposed a single time instead of appearing separately in each case. Plaintiff opposed the request and the Court rejected it, citing the length of time Plaintiff has been waiting to take this deposition and ShipMate's various excuses for its failure/refusal to produce Mr. Hunt.[12] The Court declined to delay discovery in this case because of the subsequently-filed California action, and directed the parties to cooperate to find a mutually agreeable date for the 30(b)(6) deposition.

### III. Summary of the Parties' Arguments

ShipMate filed a memorandum of law in support of its motion which sets forth two main arguments. The first is that Plaintiff should not be allowed to question ShipMate regarding topics that ShipMate contends are not at issue in this case, but are instead the subject of the California action. ShipMate appears to attempt to disavow in this case its claims that are the subject of the California action. ShipMate's second argument is that Plaintiff should not be

---

[12] It is apparent to the Court that ShipMate's explanations, which may seem reasonable when considered individually, are in fact excuses. ShipMate has cited Mr. Hunt's trips out of the country on at least two occasions, concerns about noticed deposition topics and location, the unavailability of one of ShipMate's California counsel during her transition between law firms, and that same counsel's later unavailability after giving birth.

allowed to proceed with questioning on topics and information going back to 2007 that were the subject of Plaintiff's then-pending motion to compel, until the Court issues its ruling on that motion. Because the Court has granted Plaintiff's motion to compel,[13] ShipMate's second argument is moot.

Plaintiff argues, as it did in support of its motion to compel,[14] that the California action is a duplicative lawsuit that should have been brought as a compulsory counterclaim in this case. Plaintiff asserts that both cases arise out of the same transactions and occurrences, and are woven together by the same contracts, correspondence, and witnesses. Plaintiff also recites the history of its frustrated efforts to schedule the deposition, and notes that its 30(b)(6) deposition of Defendant CCAR went forward with no delay, request for protective order, or objections by CCAR or ShipMate. According to Plaintiff, ShipMate asked questions of the CCAR representatives on some of the same topics to which ShipMate now objects. Plaintiff asks that ShipMate be required to produce its designee for deposition in Kansas City.

When ShipMate filed its motion for protective order, counsel submitted a proposed protective order for the Court's consideration. In the proposed order, ShipMate seeks to preclude Plaintiff from asking about items 1(e) and 7 (a) and (c) in Plaintiff's 30(b)(6) deposition notice. Item 7 does not seek information relating to the California action and therefore ShipMate's request for protective order as to Item 7 is now moot. The Court will therefore examine whether ShipMate is entitled to an order protecting it from questions regarding item 1(e), which states as follows:

---

[13] *See* ECF No. 154.

[14] ECF No. 100.

1.     All topics included as the general subject areas for the testimony of ShipMate, Inc. as set forth in Defendant ShipMate's Initial Rule 26 disclosures, [including]: (e) ShipMate's contention that U, Inc. infringed upon ShipMate's copyrights and trademarks.

## IV.    Analysis

As noted above, the Court has broad discretion with respect to protective orders. The Court may not issue such an order, however, unless the moving party "demonstrates that the basis for the protective order falls within one of the categories enumerated in [Rule] 26(c)."[15] In other words, the moving party must show that the requested order is necessary to protect the party from annoyance, embarrassment, oppression, or undue burden or expense.[16] "Rule 26(c) does not provide for any type of order to protect a party from having to provide discovery on topics merely because those topics are overly broad or irrelevant, or because the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence."[17]

The Court finds that ShipMate has not met its burden to show that it needs protection from questions about its contention that Plaintiff infringed upon ShipMate's copyrights and trademarks. Until ShipMate filed the California action in May, 2015, it had included this contention in its Rule 26 disclosures. ShipMate later amended its disclosures to remove the contention, explaining that it did so because the contention is now part of the California action. Clearly, ShipMate originally contemplated having to respond to discovery in this case about its allegation that Plaintiff engaged in infringing conduct. Its unilateral act in amending its Rule 26

---

[15] *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR-KGS, 2007 WL 1652056, at *3 (D. Kan. June 6, 2007); *Kan. Waste Water, Inc. v. Alliant Techsystems, Inc.*, No. 02-2605-JWL-DJW, 2005 WL 327144, at *2 (D. Kan. Feb. 3, 2005); *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[16] *See* Fed. R. Civ. P. 26(c)(1).

[17] *Kan. Waste Water, Inc.*, 2005 WL 327144, at *2.

disclosures does not make the subject matter off limits for Plaintiff. Moreover, even ShipMate's amended disclosures include broad topics and categories that could encompass claims of infringement by Plaintiff. ShipMate has made no argument or produced any evidence to support a finding that Mr. Hunt would suffer annoyance, embarrassment, oppression, or undue burden or expense by facing questions about ShipMate's contention of infringement. Accordingly, the Court denies the motion.

IT IS HEREBY ORDERED that ShipMate's Motion for Protective Order (ECF No. 126) is DENIED.

IT IS FURTHER ORDERED that ShipMate shall produce Steven Hunt for 30(b)(6) deposition at a location in the Kansas City metropolitan area in accordance with U, Inc.'s Amended Notice of Rule 30(b)(6) Deposition of Defendant ShipMate, Inc. (ECF No. 139).

IT IS SO ORDERED.

Dated this 23rd day of June, 2015, at Kansas City, Kansas.

<u>s/ Teresa J. James</u>
Teresa J. James
U.S. Magistrate Judge