## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

U, INCORPORATED,

        Plaintiff,

v.                                     Case No. 2:14-cv-2287-JTM-TJJ

SHIPMATE, INC., et al.,

        Defendants.

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant ShipMate, Inc.'s Motion to Stay June 19, 2015 Order on Plaintiff U, Inc.'s Motion to Compel Discovery and June 23, 2015 Order on ShipMate, Inc.'s Motion for Protective Order (ECF No. 160). Pursuant to D. Kan. 72.1.4, ShipMate asks the Court to stay its orders granting U, Inc.'s motion to compel[1] and denying ShipMate's motion for protective order.[2] U, Inc. opposes the motion. For the reasons set forth below, the Court declines to enter a stay and denies ShipMate's motion.

The history of ShipMate's conduct with respect to U, Inc.'s written discovery and U, Inc.'s efforts to take a Rule 30(b)(6) deposition is set forth in the Court's Memoranda and Orders of June 19 and June 23, 2015.[3] In a nutshell, ShipMate resisted all discovery from the time U, Inc. served its opening interrogatories and document requests on January 5, 2015, and each instance of delay or refusal was often accompanied by a new reason.[4] Following three telephone

---

[1] ECF No. 154.

[2] ECF No. 157.

[3] ECF Nos. 154, 157.

[4] During the most recent telephone conference, ShipMate's counsel suggested that the parties defer the 30(b)(6) deposition until discovery is underway in the copyright infringement case that ShipMate recently filed against U, Inc. in the Central District of California, and then take a single 30(b)(6) deposition that would apply to both cases. The Court rejected that suggestion.

conferences with counsel and fully-briefed motions by U, Inc. and ShipMate, the Court ordered ShipMate to provide answers responsive to U, Inc.'s First Interrogatories and documents responsive to U, Inc.'s First Request for Production of Documents no later than July 3, 2015.[5] The Court also directed ShipMate to produce Steven Hunt for 30(b)(6) deposition on July 24, 2015, at a location in the Kansas City metropolitan area in accordance with U, Inc.'s amended notice of deposition.[6]

On July 2, 2015, the day before ShipMate was to have provided its answers to U, Inc.'s interrogatories and produce documents responsive to U, Inc.'s document requests, ShipMate filed the instant motion seeking to avoid those obligations and the obligation to produce Mr. Hunt for deposition.  ShipMate's eight-page motion does not contain a single citation to legal authority.  Instead, ShipMate merely repeats the same arguments that the undersigned Magistrate Judge already had considered and rejected, and asserts its belief that a significant likelihood exists that the presiding District Judge will rule favorably within a matter of a few weeks on its to-be-filed motion for review of the June 19 and June 23, 2015 orders.[7]

ShipMate argues that a stay is essential to prevent it from unnecessary time and expense in responding to discovery requests, and to prevent substantial prejudice if it is forced to produce confidential and proprietary trade secrets without the benefit of an "Attorneys Eyes Only" confidentiality agreement and order.  ShipMate does not acknowledge the parties' negotiated protective order that the Court entered on July 28, 2014, which provides ShipMate sufficient

---

[5] *See* ECF No. 154 at 15.

[6] *See* ECF No. 157 at 6.

[7] ShipMate filed its Motion for Review on July 6, 2015.  *See* ECF No. 162.

protection.  The undersigned Magistrate Judge has found that ShipMate did not satisfy its burden to show that the information U, Inc. requested is "a trade secret or other confidential research, development, or commercial information," which Fed. R. Civ. P. 26(c)(1)(G) requires for entry of an "Attorney's Eyes Only" protective order.[8]  In the instant motion, ShipMate offers no additional evidence which would support a finding that it will be forced to reveal trade secrets. The Court rejects ShipMate's conclusory assertions, and will not grant ShipMate's unsupported request which would further delay the proceedings.

U, Inc. opposes the motion and correctly notes the July 31, 2015 deadline for the completion of fact discovery,[9] a deadline which had been extended primarily because of ShipMate's delays.  If the Court were to grant the instant motion, both the original and the amended deadlines for close of discovery would pass without ShipMate having answered a single interrogatory and without producing a single responsive document other than those it produced following the undersigned Magistrate Judge's order during an April 14, 2015 telephone conference.[10]  ShipMate has not shown that a stay is necessary to protect its interests, and the undersigned Magistrate Judge will not cause the proceedings to suffer further delay at ShipMate's hands.

---

[8] *See* ECF No. 154 at 13-14.

[9] *See* Second Amended Scheduling Order (ECF No. 155).

[10] *See* ECF No. 98 at 2.  ShipMate implicitly admits that it has produced no additional documents by making it clear that, as of July 2, 2015, it had not even begun searching for the documents it was ordered to produce the following day to U, Inc.  *See* ECF No. 160 at 2-3.

IT IS THEREFORE ORDERED that Defendant ShipMate, Inc.'s Motion to Stay June 19, 2015 Order on Plaintiff U, Inc.'s Motion to Compel Discovery and June 23, 2015 Order on ShipMate, Inc.'s Motion for Protective Order (ECF No. 160) is denied.

Dated this 24th day of July, 2015, at Kansas City, Kansas.

s/  Teresa J. James
Teresa J. James
U.S. Magistrate Judge